IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

    v.  :  Criminal No. DKC 08-0044

SHAMANE WALTER JAMES  :

**MEMORANDUM OPINION**

    Shamane James is currently serving an overall sentence of 25 years imprisonment, consisting of 240 months on count one (possession with intent to distribute 50 grams or more of crack), concurrent terms of 210 months on counts two (possession with intent to distribute 500 grams or more of cocaine) and five (distribution of cocaine base), a concurrent term of 120 months on count four (felon in possession of firearm), and a consecutive term of 60 months on count three (possession of a firearm in furtherance of a drug-trafficking offense).  At the time of sentencing in 2008, the twenty five year sentence was the combined applicable mandatory minimum, due in part to the notice of enhanced penalties pursuant to 21 U.S.C. § 851.  He now seeks a reduction in the drug sentences to 120 months on counts one, two, and five, followed again by the 60 months on the firearm possession in furtherance count, for a total sentence of 15 years. (He doesn't seek a change for count four, felon in possession, but that conviction is separately challenged in a motion pursuant to 28

U.S.C. § 2255, ECF No. 72). He also seeks a reduction in the term of supervised release from 10 years to 8 years.

The Fair Sentencing Act of 2010 was signed into law on August 3, 2010. It did not apply to those sentenced before its effective date. The First Step Act was adopted in 2018, and provides that, notwithstanding *Dorsey v. United States,* 567 U.S. 260 (2102), certain persons may seek a retroactively reduced sentence. Section 404(b) provides: "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Section 404(a) defines a "covered offense" as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010.

Section 2 of the Fair Sentencing Act altered the quantity threshold for the mandatory minimums in 21 U.S.C. § 841, and Section 3 eliminated the mandatory minimum for simple possession. In *United States v. Wirsing*, 943 F.3d 175, 185-86 (4th Cir. 2019), the United States Court of Appeals for the Fourth Circuit concluded that a person is eligible if he was sentenced under 21 U.S.C. § 841(a) and (b)(1)(A)(iii) or (B)(iii). In *United States v. Gravatt*, 953 F.3d 258, 262-64 (4th Cir. 2020), the Fourth Circuit held that a defendant remains eligible under the Act even if the

conspiracy for which he was convicted encompassed distribution of both cocaine powder and crack cocaine.

Mr. James is eligible to seek relief, and he contends that the court should exercise its discretion to reduce the sentence because his sentence was driven by a § 851 notice that the government would be unlikely to seek today, the government routinely recommends sentences of less than 15 years in similar circumstances, and he has used his time in the BOP productively and demonstrated good conduct. The Government does not agree that Mr. James is eligible for relief because his criminal activity involved a quantity of cocaine base (413 grams) that is still over the threshold necessary for the mandatory minimum (280 grams, increased from 50 grams). It recognizes, however, that the Fourth Circuit ruled otherwise in *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019). It also argues that the statutory enhancement still applies because the First Step Act, which reduced the 20-year mandatory minimum to 15 years, is expressly non-retroactive. Finally, the Government argues that, based on the factors in 18 U.S.C. § 3553(a), the court should deny relief. It emphasizes the harm to the community, potential violence due to the presence of a firearm, the large quantities of both cocaine and cocaine base, his prior criminal history, and his infractions while in the BOP.

Obviously, the sentencing landscape has changed since Mr. James was sentenced, and arguably the Government's policies and

tactics have changed as well. Calculated pursuant to current guidelines, the sentencing range for the drug counts would be 135 to 168 months based on drug quantities, followed by the 60 months required for the firearm possession count. The criminal conduct, involving significant quantities of controlled substances, was certainly serious, particularly when accompanied by the loaded firearm. Mr. James' criminal history did not portend well for his ability to remain law abiding at the time of initial sentencing. But, while not perfect, Mr. James' conduct while in the BOP reflects growing maturity. He has been punished, and, it is expected that the time he has been incarcerated have served to deter him from future criminal activity.

Under the circumstances, the goals of sentencing can be met with a reduced sentence of 135 months concurrent on counts one, two, and five, the concurrent sentence of 120 months on count four, and the consecutive 60 month sentence on count three, for a total overall sentence of 195 months. The length of supervised release can also be reduced to 8 years on count one, with the other terms and conditions remaining unchanged.

Accordingly, the motion will be granted. A separate order will follow.

                                                    /s/
                                DEBORAH K. CHASANOW
                                United States District Judge